UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:26-cv-01037-PGB-RMN

ANGELA MCDERMOTT,

Plaintiff,

vs.

BANYAN REAL ESTATE GROUP
d/b/a THE IRLO EXTENDED STAY APARTMENTS, and
5565 IRLO BRONSON, LLC,

Defendants.
_______________________________________________/

**AMENDED COMPLAINT**

1. Plaintiff, ANGELA MCDERMOTT ("Plaintiff"), brings this action against Defendants, BANYAN REAL ESTATE GROUP d/b/a THE IRLO EXTENDED STAY APARTMENTS ("Defendant Banyan") and 5565 IRLO BRONSON, LLC ("Defendant 5565") (Defendant Banyan and 5565 shall collectively be referred to as "Defendants") and alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

2. This is an action for damages exceeding $75,000.00, exclusive of interest and costs, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").
3. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

4. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Orange County, Florida, and is otherwise *sui juris*.
5. During all material times, Defendants conducted business within the State of Florida, and within Orange County, Florida.
6. Venue is proper in this District because all the unlawful acts, or at least substantial amount of them, giving rise to Plaintiff's claim occurred there. *See* 28 U.S.C. §1391; 42 U.S.C. § 2000e-5(f)(3).
7. This Court has personal jurisdiction over the Parties.

**ADMINISTRATIVE PREREQUISITES**

8. All conditions precedent to bringing this action have occurred.
9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").
10. A notification of Right to Sue was received and this Complaint has been filed within ninety (90) days of receipt thereof.

**GENERAL ALLEGATIONS**

11. Plaintiff is female.
12. Plaintiff was hired by Defendants in or November 2024 to work as Front Desk Manager.
13. Defendants hired Plaintiff to perform work for the benefit of and under the direction of Defendants, in a position that is traditionally performed by an employee and was an indefinite, exclusive, at-will position.

14. Defendants provided the tools and equipment and controlled the worksite at which Plaintiff worked.

15. While Plaintiff had the authority regarding hiring decisions, Defendants did not permit Plaintiff authority to make termination decisions.

16. Defendants had the authority to promote and/or terminate the Plaintiff.

17. In fact, all positions with Defendants functioned in the same traditional employer-employee context despite Defendants' attempt to label them otherwise to circumvent employment laws.

18. Clearly, Plaintiff, as well Plaintiff's coworkers, were misclassified but qualified as employees.

19. On or about March 3, 2025, a co-worker, "MAB" (IT, male), stated that he had convinced Steve Michael (Owner, male) that Plaintiff could be a candidate for promotion into the Property Manager position; however, stated that if Plaintiff wanted to get the promotion, there were "some things" that Plaintiff would have to do.

20. Plaintiff asked MAB what he meant, to which MAB said that he was "a big freak," that he "had never experienced a black woman," and further described sexual acts he would like to engage at with Plaintiff.

21. MAB was clearly propositioning that Plaintiff provide sexual favors in order to receive a promotion, attempting to establish a *Quid Pro Quo* arrangement.

22. MAB then asked Plaintiff if she had ever engaged in a specific type of sexual act.

23. Plaintiff rebuffed his advances and objected to the sexual harassment.

24. Plaintiff immediately escalated her concerns to Brenda Jeffrey (Property Manager), as Defendants did not have a Human Resources Department, who told Plaintiff that if they told Mr. Michael, that he would terminate Plaintiff because MAB was "his right hand man."

25. Meanwhile, MAB continued to harass Plaintiff, including but not limited to attempting to pressure Plaintiff to use marijuana with him in the back room, further commenting about how he likes a specific sexual act, and showing Plaintiff explicit videos of his girlfriend engaging in sexual activity.

26. Plaintiff repeatedly rebuffed his advances and expressed her offense. Plaintiff again escalated her concerns to Ms. Jeffrey, who told Plaintiff that "her hands were tied" as there was no Human Resources department, no one above Mr. Michael and she also feared retaliation.

27. On or about March 31, 2025, Plaintiff was training Arianna (Front Desk Agent) when MAB approached them and stated, "It would be great if [Arianna and Plaintiff] both made OnlyFans accounts and performed a sexual act while saying 'Welcome to the Irlo."

28. Plaintiff escalated her concerns regarding the continued sexual harassment to Mr. Michael, Ms. Jeffrey, MAB, Mark (Accountant), and Wendy (Payroll) via email, stating she feared retaliation.

29. Within an hour of sending the email, Ms. Jeffrey called Plaintiff and stated that Mr. Michael terminated her employment and did not want me back on the property.

30. Although Mr. Michael told Plaintiff that the decision to terminate her had been made prior to her escalation, Ms. Jeffrey confirmed that this was false and that they never had issues with Plaintiff's job performance until after her report, demonstrating that Defendants terminated Plaintiff out of discriminatory and retaliatory animus.

31. After the unlawful termination, Sean Brooks (Maintenance Manager) informed Plaintiff that Mr. Ball had told him that "Things would've been easier for her if she just slept with him and took Brenda's place."

32. Additionally, it is believed that Defendants promoted another employee who capitulated to MAB's sexual advances, illustrating that Defendants terminated Plaintiff out of discriminatory and retaliatory animus and reward females who accepted the sexual harassment.

33. Despite Plaintiff's attempts to remain professional throughout her employment, Plaintiff was repeatedly harassed and propositioned for sex by several of Defendants' employees.

34. Specifically, one employee would regularly tell Plaintiff that he wanted to be intimate with her. This same employee would also implausibly take out his penis while he drove Plaintiff in one of Defendants' vehicles.

35. When Plaintiff complained to her supervisor about this employee's actions, Plaintiff's supervisor's response was that Plaintiff should stop complaining and she should capitulate to the male employee's demands.

36. A second of Defendants' employees also sexually harassed the Plaintiff.

37. The second employee is believed to be a relative of Defendants' owner.

38. This second employee repeatedly touched Plaintiff's rear, told Plaintiff that he loved her, videotaped Plaintiff while she slept, and sent Plaintiff vulgar messages about his sexual fantasies.

39. Although Plaintiff repeatedly complained about the second employee to her supervisor, nothing was done to improve Plaintiff's working conditions.

40. Plaintiff was harassed, humiliated, and ultimately terminated simply because she complained about Defendants' employee's unlawful actions and refused to work with them.

41. Defendants did not treat its male employees in the same discriminatory manner as it treated the Plaintiff.

42. Plaintiff has engaged the services of legal counsel and is obligated to pay legal counsel their fees incurred in the prosecution of this action.

## COUNT I – DISCRIMINATION BASED ON GENDER IN VIOLATION OF TITLE VII AGAINST DEFENDANTS

43. Plaintiff repeats and realleges the allegations made in paragraph 1 through 42 above.

44. The foregoing facts and circumstances demonstrate that Defendants, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the conditions of her employment because of her sex.

45. Defendants and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of 1964, as amended. Nevertheless, Defendants and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

46. As a direct and proximate result of the actions of Defendants and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

47. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages against Defendants for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT II – DISCRIMINATION BASED ON GENDER IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANTS**

48. Plaintiff repeats and realleges his allegations made in paragraph 1 through 42 above.

49. The foregoing facts and circumstances demonstrate that Defendants and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the "conditions" of her employment because of her sex.

50. Defendants and its agents knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless, Defendants and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

51. As a direct and proximate result of the actions of Defendants and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a

diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages against Defendants for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT III – RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AGAINST DEFENDANTS**

52. Plaintiff repeats and realleges the allegations made in paragraph 1 through 42 above.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender-based reasons.

54. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment

practice, suffices to show that the employee engaged in protected activity for purposes of Title VII retaliation claim. *42 U.S.C.A. § 2000e-5*.

55. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under Title VII. *Id.*

56. Plaintiff complained to Defendants about its unlawful and discriminatory treatment towards her.

57. In response to Plaintiff exercising protected activity under Title VII, Plaintiff was retaliated against and unlawfully terminated by the Defendants.

58. The Defendants treated other employees who did not complaint about Defendants' discriminatory activities more favorably than the Plaintiff.

59. Defendants deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under Title VII.

60. As a direct and proximate result of the wrongful acts of the Defendants, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendants, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort,

compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT IV – RETALIATION FOR OPPOSITION TO GENDER DISCRIMINATION & SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANTS**

61. Plaintiff repeats and realleges the allegations made in paragraph 1 through 42 above.

62. The FCRA prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender-based reasons.

63. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful employment practice, suffices to show that the employee engaged in protected activity for purposes of an FCRA retaliation claim.

64. An employee's opposition to an employer's discriminatory practices will support claim for retaliation under the FCRA

65. Plaintiff complained to Defendants about its unlawful and discriminatory treatment towards her.

66. In response to Plaintiff exercising protected activity under the FCRA, Plaintiff was retaliated against and unlawfully terminated by the Defendants.

67. The Defendants treated other employees who did not complaint about Defendants' discriminatory activities more favorably than the Plaintiff.

68. Defendants deliberately and intentionally retaliated against the Plaintiff as to the terms or conditions of her employment due to Plaintiff engaging in protected activity under the FCRA.

69. As a direct and proximate result of the wrongful acts of the Defendants, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendants, and award Plaintiff damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT V – HOSTILE WORKING ENVIRONMENT IN VIOLATION OF TITLE VII AGAINST DEFENDANTS**

70. Plaintiff repeats and realleges the allegations made in paragraph 1 through 42 above.

71. The foregoing facts and circumstances demonstrate that Defendants, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by creating a hostile working environment due to Plaintiff's sex.

72. During Plaintiff's employment the Defendants, Defendants maintained a hostile working environment contaminated by a pattern of offensive conduct, including harassment and discrimination directed at Plaintiff, Plaintiff. Such conduct has been severe and actionable under Title VII.

73. The Defendants, through the conduct of its agents and/or employees, has subjected Plaintiff to unwelcome harassment and a hostile and abusive work environment based on her membership in a protected class as a woman.

74. At all times material hereto, Plaintiff has been qualified for her job.

75. Nevertheless, Plaintiff has been subjected to multiple non-discrete adverse employment actions, including harassment as well as assault and battery, condoned and engaged in by employees or agents of the Defendants.

76. Plaintiff was and remains subjectively offended by the abusive, intimidating, hostile, and gender-offensive work environment in which she worked, and a reasonable person would find Plaintiff's work environment abusive, intimidating, hostile, and offensive based on the severity of the discriminatory conduct, and because it unreasonably interfered with Plaintiff's work performance.

77. The Defendants' harassment of Plaintiff violated Title VII by subjecting Plaintiff to a hostile work environment which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

78. The Defendants are vicariously liable for all tangible job detriments suffered by Plaintiff and all gender harassment engaged in by its supervisory

personnel who were empowered by Defendants to take tangible employment actions against Plaintiff.

79. The Defendants knew or should have known of the acts of sex discrimination, harassment, and retaliation that formed this hostile work environment described hereinabove and failed to take prompt corrective action to remedy the harassment.

80. Plaintiff has been damaged because of said hostile work environment.

81. As a direct and proximate result of the Defendants' unlawful discriminatory conduct, as set forth above, Plaintiff has suffered and continues to suffer losses incurred in earnings, earning capacity, and other employment benefits, all to her detriment, in an amount to be shown according to proof.

WHEREFORE, Plaintiff demands damages from Defendants for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT VI – HOSTILE WORKING ENVIRONMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANTS**

82. Plaintiff repeats and realleges the allegations made in paragraph 1 through 42 above.

83. The foregoing facts and circumstances demonstrate that Defendants, and its agents, have violated the FCRA, by creating a hostile working environment due to Plaintiff's sex.

84. During Plaintiff's employment the Defendants maintained a hostile working environment contaminated by a pattern of offensive conduct, including harassment and discrimination directed at Plaintiff, Plaintiff. Such conduct has been severe and actionable under the FCRA.

85. The Defendants, through the conduct of its agents and/or employees, has subjected Plaintiff to unwelcome harassment and a hostile and abusive work environment based on her membership in a protected class as a woman.

86. At all times material hereto, Plaintiff has been qualified for her job.

87. Nevertheless, Plaintiff has been subjected to multiple non-discrete adverse employment actions, including harassment as well as assault and battery, condoned and engaged in by employees or agents of the Defendants.

88. Plaintiff was and remains subjectively offended by the abusive, intimidating, hostile, and gender-offensive work environment in which she worked, and a reasonable person would find Plaintiff's work environment abusive, intimidating, hostile, and offensive based on the severity of the discriminatory conduct, and because it unreasonably interfered with Plaintiff's work performance.

89. The Defendants' harassment of Plaintiff violated the FCRA by subjecting Plaintiff to a hostile work environment which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

90. The Defendants are vicariously liable for all tangible job detriments suffered by Plaintiff and all gender harassment engaged in by its supervisory personnel who were empowered by Defendants to take tangible employment actions against Plaintiff.

91. The Defendants knew or should have known of the acts of sex discrimination, harassment, and retaliation that formed this hostile work environment described hereinabove and failed to take prompt corrective action to remedy the harassment.

92. Plaintiff has been damaged because of said hostile work environment.

93. As a direct and proximate result of the Defendants' unlawful discriminatory conduct, as set forth above, Plaintiff has suffered and continues to suffer losses incurred in earnings, earning capacity, and other employment benefits, all to her detriment, in an amount to be shown according to proof.

WHEREFORE, Plaintiff demands damages from Defendants for lost wages and benefits, back pay, front pay/reinstatement, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable.

Dated: October 23, 2026

Respectfully submitted,

s/Jonathan S. Minick

Jonathan S. Minick, Esq.
FBN: 88743
E-mail: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Counsel for Plaintiff